IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TEREZE L. FENDERSON,**  Petitioner,  v.  **UNITED STATES OF AMERICA,**  Respondent. | Case No. 3:19-CV-1025-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion for Reconsideration filed by Petitioner Tereze Fenderson, along with addendum of supportive memorandum of law ("Fenderson") (Docs. 15, 16). For the reasons set forth below, the Motion for Reconsideration is denied.

Fenderson brought this action under 28 U.S.C. § 2255 on September 19, 2019, seeking collateral review of his sentence arguing that he should not have been subject to an enhancement for committing a crime of violence, and making various claims of ineffective assistance of counsel (Doc. 1). The Court went through an extensive analysis before rejecting Fenderson's first argument, holding that the statute criminalizing retaliation against a witness in violation of 18 U.S.C. §1513 (b)(1) was divisible and qualified as a crime of violence for purposes of 18 U.S.C. §924 (c). Furthermore, this Court held that Fenderson's counsel's performance did not fall below an objective standard of professional reasonableness.

While the Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider, such motions are routinely filed and generally construed as Motions to Alter or Amend an Order or Judgment under Federal Rule of Civil Procedure 59(e). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Fenderson's motion was filed within 28 days of the entry of judgment and will be considered under Rule 59(e). *Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014). Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). However, [r]econsideration is not an appropriate forum for rehashing previously rejected arguments. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Fenderson's motion and addendum are confusing and somewhat contradictory. In his motion, Fenderson appears to be relying on *Boykin v. Alabama,* 393 U.S. 238 (1969), for the proposition that his plea of guilty was not voluntarily made (Doc. 15). However, in the addendum, he indicates he is not challenging the plea agreement, but is challenging the sentence (Doc. 16). Nevertheless, Fenderson's dualling positions are unavailing.  He has advanced no new evidence or rule of law supporting his arguments in his motion to reconsider and addendum of supporting argument.

For these reasons, the Motion for Reconsideration (Doc. 15) filed by Petitioner, Tereze Fenderson, is DENIED.

IT IS SO ORDERED.

DATED:  April 19, 2021.

                                                                             /s/   *Stephen P. McGlynn*  
                                                                             **STEPHEN P. MCGLYNN**  
                                                                             **U.S. District Judge**